IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRENT JACOBY, (AIS: # 291560) | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 13-00070-KD-B |
| SHERIFF HUEY MACK, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Brent Jacoby's Motion to Substitute (Doc. 15). Plaintiff's lawsuit in this case arises out of his placement and treatment while housed at the Baldwin County jail in January 2013. (Doc. 1). In the motion, which was filed following a Suggestion of Death (Doc. 13) pertaining to Defendant Dale Bryne, Jacoby states that he wishes to proceed with his claims against Defendants, and indicates that Bryne's replacement, "Major Milton", should be substituted in his stead because he has not rectified the things that Plaintiff complained about in his complaint. Upon consideration, Plaintiff's motion is due to be **DENIED**.

As a threshold matter, the undersigned notes that Plaintiff's claims against the remaining defendant are not affected by Defendant Bryne's death. Next, Plaintiff has not alleged that Bryne's replacement, "Major Milton" had any personal involvement in any of his incidents set forth in Plaintiffs' complaint. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)(To establish supervisory

liability under § 1983, a plaintiff must allege either personal participation by the supervisor or "a causal connection between actions of the supervising official and the alleged constitutional deprivation."). Plaintiff's claim that the policies of which he complains are still being promulgated by Defendant Milton is of no moment in that the record reflects that Plaintiff was transferred from the jail in October 2013 (Docs. 9, 10); thus, his claims for declaratory and injunctive relief are moot. See Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief.") abrogated on other grounds by Sossamon v. Texas, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011). Accordingly, Plaintiff motion is due to be **DENIED.**

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's

2

factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **31st** day of **July, 2014.**

                                            /s/ SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**